NOBLE KENNY v. ELIHU GAGE, NELSON RAND AND A. A. RANDALL.

*Mechanic's Lien. Chancery. Notice.*

A mechanic's lien stands upon the same ground as a mortgage would stand if executed at the same time as the filing of the claim, and affects existing rights whether legal or equitable, to no greater extent than such mortgage would affect them.

BILL IN CHANCERY. The following opinion of POLAND, Chancellor, before whom the cause was originally tried at the June Term, 1859, of the Orleans county court of chancery, states with sufficient fullness the facts in the case.

" This is a bill brought by the orator to foreclose a mortgage lien acquired by perfecting a mechanic's lien under the statute, not only against the defendant Gage, for whom the orator performed the labor as a mechanic, but also against the defendants, Rand and Randall, as mortgagees of the same property, subservient to the orator's mortgage lien.

The facts in the case appear to be as follows : In the spring or first part of the summer of 1858, the defendant Gage made a parol agreement with the defendant Randall, by which he purchased of Randall the house lot in question, and the lumber to build the house and other buildings which said Gage was about to erect that season ; said Randall retaining the title to said land and buildings till said Gage paid him for the land and lumber furnished. In accordance with said agreement said Gage commenced to erect said house and other buildings, and for that purpose hired the orator with others who commenced work in July. Sometime in the last of August, said Gage being desirous to obtain some paints and other finishing materials of defendant Rand, an arrangement in parol was entered into between Gage, Randall and Rand, by which Rand was to furnish the materials Gage desired for completing said house, and money to pay the master workman, Woodbury, and have a second mortgage on the premises for his security for such advancements, and also for a small note he then held against Gage, to effect which, Randall agreed to convey to Gage and take a first mortgage back for the land and lumber furnished.

On the 11th of September the orator filed his intention of claiming a lien as a mechanic for the labor he had performed, knowing at the same time that Randall was to have a mortgage to secure him for the lumber he had furnished, which intention to claim a lien the orator afterwards took the proper steps, under the statute, to ripen into a mortgage.

On the 15th of October Randall deeded to Gage and took a mortgage to secure him for the land and lumber, and Gage also

mortgaged to Rand, carrying out their agreement of August.

The question to be decided is, who has the prior equity to the premises?

Although the orator did not know but Gage had a deed to the land on which the house stood at the time he filed his intention to claim a lien to the same for his labor, yet we must consider that he was bound to know that he had no deed, it being everywhere that the record title to real estate is notice to all the world that the holder has some if not the entire interest in the same. The fact, then, that the record title to the premises at the time the orator filed his intention to claim a lien was in the defendant, Randall, must be considered notice to him that Randall claimed some interest in the premises, and if the orator is held as affected with notice or put upon inquiry, he is bound by all that he would have learned by such inquiry. Suppose, then, he had inquired of Randall, at the time he filed his intention of claiming a lien, for what purpose he, Randall, held the title to the premises, he would have learned, not only Randall's claim upon the premises, but also the further agreement between the then defendants, by which Randall was holding the title as well for Rand as himself. Randall and Rand then each had an equitable mortgage upon the premises at the time of the orator's filing his intention to claim a lien, and that, too, known in law and equity to the orator, and the orator's claim must be postponed to claims of Randall and Rand, unless it is to be held that the statute' giving the lien gives it even against prior mortgages.

Suppose, then, A. sells to B. a house and takes a mortgage upon the same to secure payment of part of the purchase money; and B. afterwards employs C. to repair the house, who files and perfects his lien for such repairs. Is A.'s mortgage to be held as second to C.'s? If so, priority of title gives no priority of right, and the hammer and saw are better than a recorded deed. We cannot think such to be the intention of the legislature. They did not mean to give the mechanic, by his mortgage lien, a higher right than any other mortgagee. They say when he has perfected it, it shall be simply a mortgage subject to all the rights, incidents and rules of every other mortgage.

The result is there must be a decree for the orator only as against the defendant, Gage."

From this decree the orator appealed.

*J. H. Prentiss,* for the orator.

1. By the terms of the statute (Comp. Stat. chap. 100, sec. 3; Acts of 1852, p. 34, sec. 2, and of 1856, p. 23,) real estate becomes chargeable and " *shall be holden* for the amount due" a mechanic for labor performed upon it "from the time the copy of the contract and declaration are lodged in the town clerk's office."

The lien attaches against the *legal owner* of the premises, and has precedence of all prior incumbrances, else how shall the estate " be holden?" The statute makes no distinction in favor of legal owners or mortgagees. To do so would be inequitable, and in the rule claimed by the orator is no hardship ; for to the amount of the mechanic's lien the estate is enhanced in value to the owner, and in security to the mortgagee. The statute is in analogy to the principle of the law of vendor's lien—the mechanic contracts to sell his labor, yet retains his title to it, or to its tangible product, vested in the realty, for compensation.

2. The defendant Gage, when he contracted with the orator, had possession of the premises under a contract of purchase; and the defendant Randall, before the orator's statement of his claim was filed, had contracted to vest in Gage the legal title. This he, subsequently to the filing of the orator's statement of claim and declaration, pursuant to such agreement and the orignal contract with Gage, *did do* by his deed of warranty ; thereby Gage acquired the legal title, so that he held the whole estate against all the world except the orator.

3. The orator's lien attached when he began his labor, viz: on the 8th of August. Defendant Rand had neither advanced, nor contracted to advance, anything before the last of August or first of September.

Clearly the latter has no show of equity as against the orator, and no claim founded on the statutes above referred to, for he filed no claim in the town clerk's office.

*Child & Benton,* for the defendants, Randall and Rand.

1. The defendant Gage was not the owner of the building at

20

the time the services were performed by the orator, and there was no privity of contract between the orator and Randall, the owner, and no lien is given the orator by virtue of the statutes of this State ; *Greenough, Cook & Co.* v. *Nichols et al.*, 30 Vt. 768 ; *McDonald* v. *Capron,* 7 Gray 278.

2. Randall and Rand have a prior and more equitable interest in the land than Gage, and if the orator has any interest in the land, it is only the interest of Gage, and subject to the claims of Randall and Rand.

Suppose Randall had refused to comply with his contract with Gage, Randall being privy to the contract between Gage and Rand, Rand would have had the same right to a specific performance of that contract as Gage.

And a specific performance of those contracts between Gage, and Randall, and Gage, Randall and Rand, would attach the claims of Randall and Rand to said land, before giving any title to Gage ; Brown on statute of frauds, sec. 452.

The record title was in Randall at the time the orator filed his lien, and was notice to the orator that Randall claimed some interest in the premises, if not the entire title, and was sufficient to put the orator on inquiry.

If the orator had inquired of Randall he would have ascertained that he held the title as security for his own claim, and also for the benefit of Rand, and the orator is bound by such information as he would have received from Randall ; 1 Greenleaf's Comm. on real property, 159 to 169 ; 1 Hilliard on mortgages, chap. 21 and 22.

BARRETT, J. We are so well satisfied with the manner in which the leading question in this case is discussed and disposed of by the chancellor, in the opinion by which he prefaced his decretal order, that we deem it unnecessary to go at large into the subject. We therefore content ourselves with making some additional brief suggestions.

The statute provides that the *lien* shall attach from the time of filing the claim in the town clerk's office. This of course precludes the idea of its having effect by relation to disturb any rights, either legal or equitable, that may have been created prior

to that time. Up to the time of the filing of such claim the property sought to be subjected to such lien may be dealt with in all respects as fully and freely as if it was not liable to be thus subjected. Therefore, if Rand, by virtue of the arrangement between Gage, Randall and himself, in pursuance of which he furnished the materials for the finishing of the house, acquired an equitable right, prior to the filing of the orator's claim, to hold security upon that property, if the statute provision had not existed, we think it clear that that right was not affected by the filing of such claim in pursuance of the statute.

We are of opinion that Rand did acquire such right, not only as to the materials thus furnished, but also as to the small note due him at the time of said arrangement. It was a part of said arrangement, without which Rand would not have entered into it, and furnished the materials, that he was to have the proposed security, as well for the note as for the materials thus furnished. As against everybody who had not a prior right, or a superior equity, the legal propriety and validity of such arrangement could not be questioned. If it was good against Gage and Randall, it was so against everybody else. As the orator's right by way of lien dates only from the filing of his claim, it is not his province now to disturb Rand in his rights under said arrangement, which was subsequently perfected by the conveyances made between Randall, Gage and Rand.

A summary of the decision is, that the mechanic's lien, under the statute, stands upon the same ground as a mortgage would stand, if executed at the same time as the filing of the claim, and affects existing rights, whether legal or equitable, to no greater extent than such mortgage would affect them.

The decree of the chancellor is therefore affirmed, with costs.