## APRIL TERM, 1853.

## CHARLES COCKETT *vs.* W. H. HUBBARD.

A conveyance of property made with the intention on the part of the grantee, to defeat an anticipated judgment against the grantor, is fraudulent and void, even if based on a valuable consideration.

This was an action of ejectment, brought to recover possession of certain premises in Lahaina.

It appeared in evidence, that on the 7th day of September last, one B. W. Whittit commenced an action of *crim. con.* against Henry Miller, of Lahaina, and recovered a judgment of $2,500. That execution issued on said judgment in December following, a levy was made by the sheriff on the premises in dispute; and that in January of this year, they were sold by the sheriff at public auction, to the defendant, now in possession. The plaintiff produced a deed conveying the premises to him, executed by Miller on the 2d day of September, five days previous to the service of the writ, in consideration of the sum of six thousand dollars; and contended that his title was clear, honest and indisputable.

The defendant contended that the conveyance was a fraudulent one, made without consideration, with the intention of defeating an anticipated judgment in the case of Whittit *vs.* Miller; and as evidence of fraud offered testimony to show, first, that the deed was not executed on the day of its date, namely, the second day of September, but on the seventh of September, the very day the writ was served on Miller. Secondly, that Miller remained in possession of the premises after the alleged sale, and exercised acts of ownership over the same. There was much evidence given in the case, from which it appeared that Miller remained in possession conjointly with Cockett; and it also appeared that Miller was indebted to Cockett at the time of the conveyance.

CHIEF JUSTICE LEE, charged the jury in substance as follows:

Fraud is so offensive to every principle of law, that where a conveyance is tainted with it, the deed cannot be permitted to stand. Where a man purchases property with a view of defeating the claims of creditors, the sale is void; for the purpose is iniquitous. The law will not allow one man to assist another in cheating a third. Therefore, if you find under all the facts of the case, that the conveyance from Miller to Cockett, was made with the intention on the part of Cockett to shield Miller from an anticipated judgment, it was fraudulent and void.

The court further said, that the mere fact of antedating a deed, is not of itself evidence of fraud; for it is no uncommon occurrence for deeds to bear date on a day different from that of execution. Neither is the want of a change of possession conclusive evidence of fraud. It is not such a circumstance as of *itself alone* would justify the court in pronouncing the conveyance fraudulent; but where an absolute sale is made, and possession is retained by the vendor, it is strong evidence of fraud, and if unexplained, quite irresistible. It is said in this case, that possession was given to Cockett, but it ap-

pears that Miller for a portion of the time at least, subsequent to the conveyance, remained in possession along with him, and exercised the usual acts of ownership over the property, and if so, this joint possession can avail nothing to support the deed; for such a possession is mere mockery.

It is further said, that the deed is good, inasmuch as it is based on a valuable consideration; for Miller was indebted to Cockett at the time of the sale, and conveyed the property to satisfy this debt. Granting it to be true, as I have no doubt was the case, that Miller was indebted to Cockett, yet this is not sufficient; for the deed must not only be based on a valuable consideration, but it must be *bona fide* If tainted with fraud, if made to shield a man from judgments —to hinder, delay, or defeat creditors, it is void, even though a good consideration was paid. There is no doubt about the right of a man to prefer one creditor to another, so long as he is not a bankrupt, or has not committed an act of bankruptcy, and by making a transfer of his property to the favored one, defeat the other, and this, even after other creditors have commenced their actions, provided it be done in an open manner, and without any collusive object; but the law will not allow a creditor to make use of his demand to shield his debtor. It will not allow him to pretend to purchase the property, while in reality he is only holding it in trust for the benefit of the debtor. So in this case, if you find that Cockett, notwithstanding Miller was indebted to him, took this conveyance merely to shield his friend from the claim of Whittit, then it is fraudulent, and your verdict should be for the defendant. If you should find that it was a *bona fide* conveyance, then the plaintiff is entitled to a verdict with damages for the wrongful possession.

The jury rendered a verdict for the defendant.

Note.—See Wood *vs.* Stark, p. 9.