## MANINI MANUEL *vs.* PELANI *et al.*

### EJECTMENT. BEFORE HARTWELL, J.

### OCTOBER, 1872.

A deed held not to be a forgery, in an action of ejectment.

The Court is strongly of opinion (although *obiter* in this case) that evidence tending to defeat a sealed instrument is not admissible in actions at law, under our statutes.

### DECISION OF HARTWELL, J.

Action to recover possession of land at Ewa, Island of Oahu, described in Royal Patent No. 125, with damages for its detention. Jury was waived by agreement. The plaintiff claims under a deed of said land from the patentee to one Paul Manini, and under a will of said Manini, specifically devising said lot to him. The plaintiff presented the will duly probated, the patent and the deed, and rested.

The defendant claims under the said patentee, one Hao, as her former husband, and on the strength of twenty years adverse possession, alleging that said deed is not genuine.

The plaintiff objected to evidence tending to defeat said deed.

By consent of counsel the evidence was admitted, subject to the ruling of the Full Court upon its admissibility in this action.

There was evidence for the defendant that Hao and those living under him occupied said land or used it since about 1849; that Hao died in 1867, intestate, and that his widow, the defendant, has since occupied; that Hao had, shortly before his death, stated that his widow and child should have the land; that the subscribing witness of the deed did not know personally the party signing the same, and had not seen him before or since; that said Hao was able to read and write, whereas the said deed shows that he merely made his mark. There was no evidence that the deed was read to said grantor, and it shows an erasure of a name below the name of the grantor. The subscribing witness, Jarrett, testified that the grantor represented himself to be Hao, but that he was not known to the witness, also that said erasure was made before the deed was executed.

There was for the plaintiff evidence that Paul Manini, the plaintiff's testator, had placed said Hao in charge of said land and of all his lands, and that Hao refused to deliver this lot to the plaintiff, saying he could have it after his death; but no definite demand for the land was shown to have been made by the plaintiff, of said Hao, nor was the time fixed when said testator placed said Hao in charge of his lands.

The deed is dated 26th July, 1849, recorded 14th February, 1868, and its execution was proved by said subscribing witness before His Honor Chief Justice Allen, 13th February, 1868. Said testator died 8th May, 1869, and his said will was admitted to probate 1st June, 1869.

### BY THE COURT.

On this evidence I find no sufficient grounds to find that the deed was a forgery, but I find that it was duly signed, executed and delivered by said Hao, in whose name said patent runs, and therefore that the title so transmitted is now in the plaintiff, under the provisions of said will. Also, that the

holding and use of said land by Hao and his dependents was permissive from the date of said deed.

On this finding judgment must of course be taken by the plaintiff, but without damages, of which there is no evidence.

The plaintiff's possession of title deeds, unexplained except by a grant, has much to do with the conclusion I have reached. It seems to me also unlikely that Paul Manini conspired with one pretending to be the patentee to forge a deed on the chances that he would survive the rightful owner. For purposes of sale in such case, Paul Manini would have had to place his deed on record, which he did not do during Hao's or his own lifetime. The land at the time was of trifling value, some $27, the same consideration being expressed in the deed as in the patent, and the land until recently was uncultivated.

With this result the admissibility of evidence in law tending to defeat a sealed instrument is not required to be decided. But I am strongly of the opinion that such evidence is not admissible in actions at law, under our statutes. To admit such evidence in common law actions would open all deeds and wills to consideration of juries, and there would then be no ground for equity jurisdiction in such matters, which exists only when legal remedies are insufficient.

The plaintiff gives notice of exceptions to the foregoing findings, and that he will bring a bill in equity to set aside said deed; this notice being intended to be used in case this judgment be pleaded in bar to said bill.

*A. F. Judd,* for plaintiff.

*W. C. Jones,* for defendants.

October 31, 1872.