## TOBIE AND CLARK MANUFACTURING COMPANY

### *vs.*

### ALICE J. WALDRON.

Waldo. Opinion December 27, 1883.

*Fraudulent conveyance.    Torts.*

If one has committed a tort for which the person injured is entitled to recover damages, the wrong-doer cannot defeat such recovery by conveying all his attachable property to his wife without consideration, he, in making the conveyance, and she, in accepting it, intending thereby to defeat such a recovery.

A cause of action arising *ex delicto* has the same protection as a cause of action arising *ex contractu*.

ON REPORT.

Writ of entry. The writ is dated July 11, 1881.

Both parties claim title through the defendant's husband. The defendant by virtue of a deed dated March 21, 1879, and the plaintiff by virtue of an attachment made March 31, 1879, and subsequent levy.

The material facts are sufficiently stated in the opinion.

*J. W. Mitchell* and *Tascus Atwood*, for the plaintiff, cited: *Hall* v. *Sands*, 52 Maine, 355, and cases there cited; 14 N. Y. Supreme Ct. Reports, 563; 26 N. J. Equity Reports, 89; 40 Iowa, 582; 18 Johnson, 425; *Merrill* v. *Crossman*, 68 Maine, 412; R. S., c. 76, § 13; c. 61, § 1; *French* v. *Holmes*, 67 Maine, 186; *Winslow* v. *Gilbreth*, 50 Maine, 90.

*Thompson and Dunton*, for the defendant.

During the pendency of an action of tort, sounding in damages, the plaintiff's right to recover does not constitute him a creditor. He becomes a creditor only upon the rendition of judgment in his favor for damages. *Craig* v. *Webber*, 36 Maine, 504; *Hall* v. *Sands*, 52 Maine, 355.

A married woman may hold property without paying for it an adequate consideration, by direct or indirect conveyance from her husband, against his creditors *subsequent* to such conveyance. *Davis* v. *Herrick*, 37 Maine, 397; *Johnson* v. *Stillings*, 35 Maine, 427.

When an act declares under what circumstances property shall be held for the payment of the debts of former owners, who have conveyed it, that of necessity, excludes all other circumstances. *Davis* v. *Herrick*, 37 Maine, 397.

Property conveyed to the wife, for which payment was made out of the husband's property, is not liable to be taken under the provisions of R. S., c. 61, § 1, upon an execution recovered against the husband upon several debts, some of which accrued before and some after the conveyance. *Holmes* v. *Farris*, 63 Maine, 318.

WALTON, J. The question is this: If one has committed a tort for which the person injured is entitled to recover damages in an action at law, can the wrong-doer defeat such recovery by conveying all his attachable property to his wife, without consideration, he, in making the conveyance, and she, in accepting it, intending thereby to defeat such a recovery? Certainly not. The statute, 13 Eliz. c. 5, often declared to be a part of the common law of this state, protects not only *creditors* against such fraudulent conveyances, but *all others* who have just and

legal causes of action. A cause of action arising *ex delicto* has the same protection as a cause of action arising *ex contractu*. The language of the statute is "creditors *and others*." And it is said in Twyne's Case (3 Coke, 82) that the statute extends not only to creditors, but to all others who have a cause of action. And our statute, which makes it penal to be a party to such a conveyance, speaks of "creditors *or others*." R. S., c. 126, § 3. Even a claim for alimony, and before a suit for a divorce has been commenced, is thus protected. *Livermore* v. *Boutelle*, 11 Gray, 217 ; *Bailey* v. *Bailey*, 61 Maine, 361.

It is undoubtedly true that a wife may hold property conveyed to her by her husband, as against his subsequent creditors, although the conveyance is without consideration, and therefore void as against his prior creditors. But that is not the question in this case. The question in this case is not whether a wife may hold property conveyed to her by her husband without consideration, as against his subsequent creditors, nor as against his prior creditors, nor as against one subsequently injured by the husband's tort, but whether she can hold it against one who had been *previously* injured by her husband's tort, when the conveyance is made, not only without consideration, but with the express intention on the part of both the husband and the wife thereby to defeat a recovery for such tort. Of course she can not. Such a result would be in the very teeth of the statute. And we apprehend that no case, English or American, can be found which will support such a result. Our statute in relation to married women does not. That relates only to voluntary conveyances from the husband to the wife ; such as, being made without consideration, are constructively fraudulent ; and not to such as are actually fraudulent, being made with an express intention to hinder and delay creditors or others. And it does not apply to torts at all. R. S., c. 60, § 1. With respect to them the law remains the same as it was before the statute was enacted. A mere voluntary conveyance from the husband to the wife — that is, one against which nothing can be said, except that it was made without consideration — may be valid as against one who is injured by a subsequent tort of the husband. We think it is.

But such a conveyance, which is not only voluntary, but is made for the express purpose of defeating one who has a just and legal claim against the husband, for a tort committed before the conveyance is made presents another and a very different question. And we can not doubt that the correct answer is that such a conveyance is not protected by the married woman's act; that, as against such injured person, it is void.

In this case, the parties have agreed that if the cause of action set forth in the writ in a former suit against the defendant's husband, and the judgment thereon, are such as entitle the plaintiff therein to contest the conveyance from the husband to his wife, (the husband being the defendant in the former suit, and the wife the defendant in this suit), upon the ground that the conveyance was made to hinder and delay creditors, or "others" having claims against the husband, judgment shall be rendered for the plaintiff. In other words, the defendant does not controvert the fact that the conveyance was fraudulent — fraudulent in fact as distinguished from fraudulent in law. But she contends that the plaintiff's cause of action, although existing at the time of the conveyance, still, being for a tort, did not constitute him a creditor, and that he can not contest the conveyance. The fallacy of this position consists in the assumption that none but creditors can contest such a conveyance. This assumption, as we have already shown, is not well founded. One having a cause of action arising out of a tort may contest a conveyance *actually* fraudulent to the same extent as one having a cause of action arising out of a contract. It is only a conveyance which, being without consideration, is constructively fraudulent, that the married woman's act protects. She can no more be the receptacle of a conveyance which, in addition to being without consideration, is also *actually* fraudulent, than any other person. To hold otherwise would open a door through which all tort-feasors as well as creditors could at once escape from the consequences of their wrong-doings. The legislature never intended such a result; nor is there anything in the married woman's act which will justify it.

The plaintiff's cause of action against the husband was for a tort. He was charged with a willful and malicious injury to a hydraulic ram which the plaintiff was bound to repair. The conveyance to the wife of all his attachable property was made ten days before the plaintiff's attachment, but long after his cause of action had accrued. We can not doubt that the plaintiff is entitled to contest the conveyance " upon the ground that it was made without consideration, and with intent to hinder and delay creditors, and others having claims against her husband ;" for, as said by Mr. Justice THOMAS, in *Livermore* v. *Boutelle*, 11 Gray, 220, if the plaintiff was not, at the time of the fraudulent conveyance, strictly a creditor, he was one of the " others " whose just and lawful suits would be delayed, hindered, or defeated by such conveyance ; and, as such, entitled to the same protection as a creditor.

*Judgment for plaintiff.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.