T. R. LUCAS *et al.*, Executors of the Will of Geo. Lucas, deceased, *vs.* F. H. REDWARD, defendant, A. J. LO-PEZ, Garnishee.

APPEAL FROM JUDD, C.J.

HEARING, MARCH 20, 1893.     DECISION, April 19, 1893.

JUDD, C.J., BICKERTON J., AND COOPER, CIRCUIT JUDGE.

(Mr. Justice Frear being disqualified from sitting in this case, having been of counsel, by request Circuit Judge Cooper heard the case in his stead.)

Under the Act of 1888, Chapter XXI, "To provide for liens of mechanics and material men," the lien does not exist until notice thereof is filed.

An order was made by a Justice that judgment might be had against a garnishee; judgment was not entered thereon as required by the rules. Held, it was not a "recorded judgment" under Section 4 of the Act above named.

OPINION OF THE COURT, BY COOPER, JUDGE.

On the 15th day of January, 1892, Geo. Lucas, plaintiffs' testator, recovered judgment against F. H. Redward in the Police Court of Honolulu for the sum of $317.16, being $298.75 damage and $18.41 costs, from which judgment defendant appealed to the Supreme Court. This appeal was withdrawn on the 20th day of July, 1892.

Upon affidavit of plaintiffs' counsel an order was issued on the 6th day of December, 1892, attaching all debts due or accruing from A. J. Lopez to F. H. Redward. After hearing the case on an order to show cause, the Chief Justice on

the 24th day of December, 1892, rendered his decision in which he found that " at the date of the service of the order on Lopez, December 7th, he owed Redward the sum of $1491, and is liable as garnishee to the Lucas estate for the amount of the judgment against Redward, and it is so ordered."

The amount due from Lopez to Redward was on account of a building contract.

On the 3d day of January, 1893, Lopez filed a motion to re-open the cause, and alleged that on the 30th day of December, 1892, S. C. Allen, a material man, had filed a lien on the building for the sum of $1885.20, and that he is informed and believes that if he complies with the order of the Court and pays the amount of the Lucas judgment, he will also be obliged to pay the amount of the Allen claim without deducting the sum paid to the plaintiff. The motion was heard before Chief Justice Judd, and on the 8th day of February, 1893, the decision, refusing to re-open, was filed in which it was stated that " the order to the garnishee was a judgment against him ; it was rendered six days before the filing of the material man's lien, and is prior in time and in right." It is from this decision that the appeal of Lopez is taken.

The garnishee in his motion to re-open admits that he is owing to Redward the sum of $1491, and was so on the 7th day of December when the order of attachment was served upon him, but contends that the material man's lien has priority over the judgment against the garnishee, although filed on a day subsequent.

The statute which gives the material man his lien is so radically different from other laws on the same subject, that we can derive but little assistance from the decisions founded upon them.

The salient points of our statute, Session Laws of 1888, Chapter XXI., bearing upon the question before the Court are as follows : Section 1—"Any person or association of persons furnishing labor or material to be used in the construction or repair of any building * * * shall have a

lien for the price agreed to be paid for such labor or material upon such building." Section 2—"The lien provided in the first section hereof shall *not attach* unless a notice thereof shall be filed in writing in the office of the Clerk of the Circuit or Supreme Court." * * * Section 4—"The lien herein provided shall have *force only from date of filing.* It shall have priority in the order of filing over other liens of any nature, and shall be subject to any prior recorded lien or judgment." * * *

It is contended on the part of the garnishee that the lien exists from the date the materials were furnished, and that upon filing the notice required in Section 2, that act for the purpose of determining priorities relates back to the first transaction. This, in our opinion, cannot be maintained.

A statute creating a mechanic's lien is in derogation of the common law, and must be strictly construed, and all the provisions of the statute must be strictly complied with.

*Bottomly vs. Grace Church,* 2 Cal., 90.

*Walker vs. Hauss, Hijo et al.,* 1 Cal., 184.

It seems to us that the statute must be construed as giving the right of lien upon the performance of certain conditions, and that it is essential that they be complied with before the lien given shall have any effect.

. A man may have a right of attachment against his debtor, but the right does not attach unless the writ be duly issued and served in accordance with law. If it was as contended, the man who furnished the foundation of the building would always have the prior right even if he was the last to file his notice because he was the first to furnish material.

It seems clear to us that under our statute the lien does not attach, *i. e.,* does not exist unless the notice is filed. The lien shall have force only from the date of filing; it is called into existence by the filing of the notice; before this it had no force or effect and was not binding upon any one.

As to priority our statute seems to be peculiar in itself. Many of the laws in other countries relating to liens provide that certain classes shall have priority over others, as that

of the laborer over the material man, and the material man over the sub-contractor; but our statute makes the time of filing the test of priority. "It shall have priority in the order of filing over other liens of any nature," that is, every lien filed in compliance with this Act shall have priority over every other like lien filed subsequently, and all liens so filed shall have priority over all other liens of any nature, subject to any recorded lien or judgment.

This we take to mean that the lien in the order of its filing is to be preferred above other classes of liens unless the same shall have been previously recorded, and in this case the plaintiff claims under a judgment against the garnishee who is the same person who is sought to be made liable to pay the lien.

Was the judgment recorded at the time of or previous to the filing of the lien by Allen?

In the absence of any statute law requiring any ministerial act to be done on the part of the clerk, our practice must be regulated by the rules of Court. It is contended by the plaintiff that upon the filing of a decision with the clerk the judgment must be deemed recorded.

The rule of this Court promulgated at the January term, 1889, provides "that from and after the first day of the January term, 1889, the attorneys of the party in whose favor a verdict or decision shall be rendered, shall, * * if in vacation within fourteen days after the rendering of such decision provided no exceptions have been allowed, file a record of the proceedings in the form hereunto annexed or as near thereto as the circumstances of the case will permit, which shall be the record of the case. The clerk of the Court shall state the actual date of the entry of judgment in the margin of the record, and shall affix the seal of the Court thereto."

Upon examination of the files in the Clerk's Office, it appears that no record as required by the rule has been made, and we are of the opinion that the judgment relied upon by

the plaintiff is not a recorded judgment, until the entry of judgment has been made in compliance with the rule.

The cause is therefore re-opened and sent back to the Circuit Judge of the First Circuit for hearing, for the purpose of determining whether the alleged lien exists, and if so found, such further proceedings may be had as are necessary; if it is found that the lien does not exist, then the order to the garnishee to stand.

*C. W. Ashford,* for plaintiff.

*J. A. Magoon,* for the garnishee.