# CASES DECIDED

# SUPREME COURT

# TERRITORY OF HAWAII

---

## LAWRENCE H. DEE v. ELIZABETH FOSTER.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JANUARY 4, 1912.                    DECIDED JANUARY 9, 1912.

ROBERTSON, C.J., DE BOLT, J., AND CIRCUIT JUDGE COOPER
IN PLACE OF PERRY, J.

FRAUDULENT CONVEYANCES—*statute 13th Elizabeth—common law.*

The statute of 13th Elizabeth relating to conveyances made in
fraud of creditors was in affirmance of the principles of the com-
mon law and is a part of the common law of this Territory.

SAME—*conveyances void at law as well as in equity.*

A deed void because made with intent to defraud a creditor is,
as to the defrauded creditor, void at law as well as in equity.

SAME—*right of purchaser at execution sale.*

The purchaser at an execution sale of a debtor's interest in land
acquires the legal title and may, in an action of ejectment against
one in possession claiming under a deed from the debtor, attack
the validity of the deed on the ground that it was made with in-
tent to defeat the judgment and defraud the judgment creditor.

Dee v. Foster, 21 Haw. 1.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an action of ejectment for the recovery of certain land at Makolelau, Molokai. The case was being tried in the court below, jury-waived, when the court reserved for the consideration of this court the question hereinafter stated.

It is made to appear that on April 24, 1900, the plaintiff in this case and others, stockholders in the Kamalo Sugar Company, Limited, acting for the corporation upon the refusal of the directors of the company to take action, commenced a suit in equity against Frank H. Foster, the husband of the defendant in this case, and two others, asking for an accounting and other relief, which suit resulted in the entry on June 9, 1902, of a final decree against the defendants requiring them, among other things, to pay into court for the benefit of the said corporation the sum of $34,820. Execution against the property of the defendants was issued upon that decree on July 7, 1902, and pursuant thereto the sheriff sold the land in question as the property of Frank H. Foster. The plaintiff herein purchased the land at the execution sale and now claims under the deed executed and delivered to him by the sheriff in the name of Frank H. Foster. The defendant put in evidence two deeds purporting to convey the land in dispute, one from Frank H. Foster, in which the defendant joined, to one Harry Armitage, dated July 7, 1900, and the other from Armitage to the defendant, dated the same day. The deeds were duly recorded and each expressed a consideration of one dollar. The plaintiff, attacking the validity of those deeds, offered to show the value of the land in dispute, and that at the time Foster made the deed to Armitage he had not other property sufficient to satisfy the decree which was subsequently rendered against him in the then pending suit.

The trial court thereupon reserved to this court the question, "Can the deeds from Frank H. Foster to Harry Armitage and from Harry Armitage to the defendant above referred to

be attacked in this action by the plaintiff on the ground that the same were executed and delivered in fraud of creditors?"

In most, if not all, of the states express statutes govern conveyances made in fraud of creditors, but we have no such statute in this Territory. In England, the statute of 13th Elizabeth declared to be "clearly and utterly void" as against the person defrauded, or his representatives, all conveyances made with the intent to "delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages," etc.

It has been authoritatively held that that statute was declaratory of the common law and in affirmance of its principles. *Cadogan* v. *Kennett,* 2 Cowp. 432, 98 Eng. Rep. (reprint) 1171; *Sumner* v. *Hicks,* 2 Black 532; *Sands* v. *Codwise,* 4 Johns. 536, 596; *Gardner* v. *Cole,* 21 Ia. 205, 210.

The rule that a conveyance made with the intent to defeat a judgment is void as against the judgment creditor was regarded as law in this jurisdiction by Chief Justice Lee as long ago as 1847. *Wood* v. *Stark,* 1 Haw. 8. And in *Cockett* v. *Hubbard,* 1 Haw. 101, the learned chief justice said: "Fraud is so offensive to every principle of law, that where a conveyance is tainted with it, the deed cannot be permitted to stand. Where a man purchases property with a view of defeating the claims of creditors, the sale is void; for the purpose is iniquitous. The law will not allow one man to assist another in cheating a third."

Had the principle not been previously recognized we would not hesitate to hold that it was incorporated into our law by the provision of the Judiciary Act of 1892 which has become section 1 of the Revised Laws.

In some of the states the statute of Elizabeth has been held to be a part of the common law of the State. *Robinson* v. *Holt,* 39 N. H. 557; *Tobie Mfg. Co.* v. *Waldron,* 75 Me. 472. It is a part of the common law of this Territory.

We cannot give our assent to the contention of counsel for

the defendant that, because in this Territory the jurisdictional distinction between law and equity is maintained, relief against conveyances made in fraud of creditors can be had only on the equity side of the court. Such fraudulent transfers are void at law as well as in equity. *Clements* v. *Moore,* 6 Wall. 299, 312; *Moore* v. *Williamson,* 44 N. J. E. 496. "The statute of Elizabeth applies, so far as its language, our only guide, indicates, to all cases and to all courts; the debtor remains the owner." 2 Bigelow on Fraud 395.

Although, as between the parties to such a conveyance, the title will pass, yet as against a defrauded creditor the transfer is void; the debtor remains the owner; a sheriff's deed of the debtor's interest will pass the legal title to the purchaser; and the purchaser may assert and rely on that title in any appropriate action at law. This is recognized by the weight of authority and has the support of reason. 20 Cyc. 656, 660; Freeman on Executions Sec. 136; 14 A. & E. Enc. Law (2d ed.) 311.

"I understand it to be well settled that an existing creditor who wishes to subject property to the payment of his debt, which has been conveyed by his debtor by a voluntary deed to another, before judgment obtained, has two remedies, to either of which he may resort, to wit: he may disregard the conveyance as fraudulent and void, and proceed to sell the property under his execution, leaving the validity of the deed to be determined in an action of the purchaser at such sale to recover possession of the land; or he may, by an action on the equity side of the court, have the deed set aside on the ground of fraud, and the land conveyed by it subjected to the payment of his debt." *Amaker* v. *New* (S. C.), 8 L. R. A. 687, 688.

"The authorities sustain the proposition that the question may be determined in an action of ejectment, but it is clear, upon principle, that it must be tried as all other issues and questions are tried, and determined and judged by the rules of law, statutory or otherwise, applicable generally to litigated questions. In this action plaintiff made the fraudulent character of the transfer, by his complaint, an affirmative issue in the action; and the burden was upon him to establish all

the material allegations there set forth, to warrant a recovery in his favor. The situation with respect to the trial of this particular question would be the same, however, if the allegations of the pleadings were general, alleging title in the parties in general terms." *Brasie* v. *Minneapolis Brewing Co.*, 87 Minn. 456, 462. See also *Thompson* v. *Baker*, 141 U. S. 648; *Mulford* v. *Peterson*, 35 N. J. L. 127; *Drum* v. *Painter*, 27 Pa. St. 148; *Helms* v. *Green*, 105 N. C. 251; *Smith* v. *Reid*, 134 N. Y. 568; *Gunn* v. *Hardy*, 31 So. (Ala.) 443; *Wood* v. *Fisk*, 45 Ore. 276; *Ward* v. *Sturdivant*, 98 S. W. (Ark.) 690; *Carroll* v. *Salisbury*, 28 R. I. 16.

Cases holding the contrary, cited by the defendant, appear to be based on special statutory provisions or rest upon the view, which we decline to adopt, that the purchaser at an execution sale, when the debtor has made a transfer to another, acquires merely an equitable title. And, we think, there is nothing in the language used in *Manuel* v. *Pelani*, 6 Haw. 97, or *Adams* v. *Bishop*, id. 116, when properly understood, which militates against the conclusion reached in the case at bar.

The purchaser of land at an execution sale of a fraudulent grantor's interest therein has the same right to treat as void a fraudulent conveyance thereof as the creditor himself had. *Orendorf* v. *Budlong*, 12 Fed. 24, 28; *Eastman* v. *Schettler*, 13 Wis. 362; *McClellan* v. *Solomon*, 2 So. (Fla.) 825, 828; *Mulford* v. *Peterson*, supra, p. 135. And the general rule is that a conveyance made upon a mere nominal consideration will be considered voluntary as against attacking creditors. 20 Cyc. 491; *Houston* v. *Blackman*, 66 Ala. 559; *Shaw* v. *Manchester*, 84 Ia. 246.

Applying these rules to the circumstances of this case we hold that the plaintiff should be allowed to contest the validity of the deeds mentioned upon the ground stated. The reserved question is, therefore, answered affirmatively.

*W. W. Thayer* for plaintiff.

*R. B. Anderson* and *L. P. Scott* (*Kinney, Prosser, Anderson & Marx* on the brief) for defendant.