*R. J. O'Brien* for the motion.

*J. Lightfoot* contra.

---

LEWERS & COOKE, LIMITED, A CORPORATION *v.* ARTHUR H. JONES, JULIETTE M. JONES AND D. TURIN.

No. 868.

RESERVED QUESTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. W. L. WHITNEY, JUDGE.

ARGUED OCTOBER 15, 1915.                    DECIDED OCTOBER 26, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

MECHANICS' LIENS—*fraudulent conveyances.*

A voluntary conveyance, by the owner of a lot upon which he has erected a building, to his wife (through an intermediary), made for the purpose of defeating the right of a material man who has furnished materials used in constructing such building, is void, at law and in equity, as against a lien for such materials, proper notice of which was filed within the time required by statute, and it is not necessary to resort to equity to procure the cancellation of such deed in order to enforce the lien for such materials.

OPINION OF THE COURT BY QUARLES, J.

This case comes before us on reserved questions arising upon the demurrer of the defendants to the amended complaint of the plaintiff. Facts are alleged in the amended

complaint which show that plaintiff furnished to a contractor materials to be used in the construction of a building for the defendant Arthur H. Jones; that the said building was completed on the 28th day of September, 1914; that the land upon which the building was erected was deeded October 8, 1914, by the said defendant to one Anderson, who, on that day, deeded the same to the defendant Juliette M. Jones, wife of defendant Arthur H. Jones; that on the 5th day of November, 1914, plaintiff filed a notice of lien, in proper form, as required by law, in which it claimed a lien upon the said building and lot upon which it was erected. After alleging the making of the said deeds the amended complaint alleges: "That said conveyances from the said defendant Arthur H. Jones to David Anderson, and from David Anderson to Juliette M. Jones aforesaid, were and are respectively without consideration and fraudulent and void, and were made by the respective grantors therein and were received by the respective grantees thereunder with the intent and for the purpose of hindering and defrauding and delaying the plaintiff and other laborers and materialmen entitled to enforce a lien for the labor and material respectively performed and furnished to, for and upon said building, from enforcing his and their lien upon the said building and the interest of the owner Arthur H. Jones aforesaid in the premises upon which the same was situate." To the amended complaint the defendants filed a demurrer raising a number of questions, whereupon the circuit judge reserved to this court the following questions:

"I. Can the circuit court enforce a mechanic's lien against property in the name of an ultimate assignee, where the mesne assignments thereof from the owner (at the time the material was furnished) were made prior to the filing of the lien but were without consideration and fraudulent and made and received with the intent to hinder, delay and

defraud laborers and materialmen, including plaintiff, from filing their respective liens against said property; and

"II.   Can the circuit court exercise equitable jurisdiction in the action to enforce the lien to the extent of giving the materialman under such circumstances relief against such alleged fraudulent conveyances; or

"III.   Must the materialman first go into equity and seek the cancellation of the alleged fraudulent conveyances before further proceeding in his action to enforce the lien?"

The first question must be answered affirmatively. The deed from Mr. Jones to Anderson and the deed from the latter to Mrs. Jones must be regarded as one transaction and as a voluntary deed from husband to wife through an intermediary. The demurrer confesses the truth of all material allegations of the amended complaint, and for the purposes of the demurrer it must be regarded that these deeds were voluntary and were made with the fraudulent intent to defraud the plaintiff and prevent it from perfecting and enforcing a lien against the building and lot upon which the building was erected for the materials furnished by plaintiff and used in constructing the said building. The law, under the circumstances alleged in the amended complaint, regards the said deeds as void, both at law and in equity, and this rule is well established in this jurisdiction (*Dee* v. *Foster*, 21 Haw. 1, and authorities therein cited).

It is also settled by the decision in *Dee* v. *Foster, supra,* that a party in a law action may show that a deed is fraudulent and made with intent to defraud creditors or other interested parties without first resorting to a court of equity to have such deed adjudged fraudulent and void. This rule is well established by authority, both English and American, and is consonant with reason and justice. Said deeds must be regarded as having been made for the purpose of defeating the claim of the plaintiff and its right to

file and enforce a lien for the materials furnished by it, for the purposes of the said demurrer, and must be regarded as void and of no effect whatever. This would leave the plaintiff in the same condition as if the said deeds had not been made.

The second question is not properly stated. Holding the said deeds to be void for the reasons alleged in the amended complaint is not exercising exclusive equitable jurisdiction.

The answers to questions I and II furnish the correct answer to question III, namely, that it is not necessary under the facts alleged in the amended complaint for the plaintiff to first go into a court of equity to have the deeds attacked canceled.

Counsel for the defendants filed·an exhaustive and able brief and argued the questions reserved with much force and learning, but failed to convince the court that where a deed is made to defraud a party having a right in and to the property sought to be conveyed by such deed, that such party must first go into equity to have the deed canceled before proceeding to enforce a legal right in an action at law. This contention assumes that the void deeds, in question here, have force and effect, and conveyed the title to the building and lot in question to Mrs. Jones as against the right of the plaintiff,—a contention which cannot be sustained.

In *Hooker* v. *McGlone*, 42 Conn. 95, the court, at page 102, says: "In the present case McGlone owned the building, and as that was erected by the consent of the owner of the land, he had also a qualified interest for the time being in the land itself. We think that the lien attached to the building and to the interest, such as it was, which he had in the land, and ought to be enforced as against him. When he purchased the land, had he become the owner of the legal title, his equitable interest in the building and land would have merged in his legal title, and the whole would

have been subject to the lien.  The deed to the wife must be regarded as in the nature of a voluntary conveyance from her husband to her, and therefore the legal title in her is subject to the same equities that it would have been subject to in him.  It would be manifestly unjust to allow the husband to defeat the petitioner's claim by the mere circumstance of taking a deed in his wife's name instead of his own.  As she paid nothing for the land we do not see how she can complain if the land, as well as the building, is appropriated to the payment of her husband's debts."

The reserved questions are answered as follows:

I.   Yes.

II.   The court can give the plaintiff the relief prayed by enforcing its lien, holding the deed from Mr. Jones to Anderson and the deed from Anderson to Mrs. Jones as fraudulent and void, without exercising exclusive equitable jurisdiction.

III.   No.  It is not necessary for the plaintiff to resort to equity to procure the cancellation of the said deeds before proceeding in its action to enforce its lien.

*R. J. O'Brien* (*E. C. Peters* with him on the brief) for plaintiff.

*A. M. Cristy* (*Frear, Prosser, Anderson & Marx* with him on the brief) for defendants.