HOFFSCHLAEGER COMPANY, LIMITED, *v.* ARTHUR H. JONES, JULIETTE M. JONES AND D. F. TURIN.

No. 1040.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

ARGUED NOVEMBER 14, 1917.          DECIDED NOVEMBER 23, 1917.

ROBERTSON, C.J., QUARLES AND COKE, JJ.

MECHANICS' LIENS—*when attached under sections* 2863 *and* 2864 *R. L.*
    A mechanic's lien comes into existence at the time notice of the claim of lien is filed in the proper clerk's office and does not relate back to the time when the labor or materials were furnished.

JURISDICTION—*district court—question of title to real estate.*

The inhibition contained in the proviso of section 2297 as to district courts exercising jurisdiction in actions in which the title to real estate shall come in question is to the action as a whole and as to all of the parts thereof.

SAME—*same—same.*

Plaintiff in an action in the district court commenced to enforce a mechanic's lien alleged that after the materials for which the lien is claimed were furnished, but before notice of lien was filed and served, the defendant J., without consideration and to defraud plaintiff of his lien, conveyed through an intermediary to his wife (one of the defendants) the premises upon which the lien is claimed; the wife filed a plea to the jurisdiction of the court upon the ground that title to real estate is involved, supported by affidavit tending to show that the transaction was *bona fide,* for a valuable consideration, and without knowledge of liability of the premises as to the lien claimed: Held, that the district court correctly sustained the plea and dismissed the action.

OPINION OF THE COURT BY QUARLES, J.

(Robertson, C.J., dissenting.)

The plaintiff commenced this action in the district court of Honolulu against Arthur H. Jones, his wife Juliette M. Jones, and D. F. Turin, to recover the value of materials furnished by plaintiff to said Turin as contractor to be used in and actually used in the construction of a certain building constructed by said contractor under contract with defendant Arthur H. Jones upon certain described premises. The amended complaint among other things alleges:

"That on to wit the said 26th day of September, A. D. 1914, said Arthur H. Jones, was the owner in fee simple absolute of the said premises described in said Schedule "A" and so continued until the 8th day of October, 1914, when he did, by mesne conveyances, convey the same to his wife, Juliette M. Jones, one of the defendants above named, said mesne conveyances consisting of a conveyance by the said Arthur H. Jones to one David Anderson, and from the said David Anderson to Juliette M. Jones; that said conveyances from said Arthur H. Jones to said

David Anderson and from said David Anderson to said Juliette M. Jones, aforesaid, were, and are, respectively without consideration and fraudulent and void, and were made by the respective grantors therein, and were received by the respective grantees thereunder, with the intention and for the purpose of hindering and defrauding and delaying the plaintiff and other laborers and materialmen entitled to enforce a lien for the labor and material, respectively, performed and furnished to, for and upon said building from enforcing his or their lien, upon the said building and the interest of the owner, Arthur H. Jones, aforesaid, in the premises upon which the same was situated."

The defendant Juliette M. Jones filed her plea to the jurisdiction of the district court on the ground that the title to real estate is involved and will necessarily come in question, supported by affidavits. The district magistrate sustained the plea and entered judgment dismissing the action, taking the view that a title to real estate being involved or in question jurisdiction to try the action is not vested in the district court. From the judgment dismissing the action the plaintiff has appealed to this court on points of law, seven in number, which are stated in an argumentative way, but, when analyzed, resolve into two points, to wit, Is the title to real estate involved or in question? Should the court have retained the cause and tried it as to the contractor, the defendant Turin?

In the allegations of the amended complaint it appears that the defendant Arthur H. Jones owned the premises at the time the building contract was entered into and up to the time of the completion of the building, and that after the building was completed and before the plaintiff filed its claim and notice of lien in the office of the clerk of the circuit court he and his wife conveyed the premises to David Anderson who conveyed the same to defendant Juliette M. Jones, wife of said Arthur H. Jones. This conveyance is alleged in the amended complaint to be with-

out consideration, fraudulent and void and made for the purpose of defrauding the plaintiff and that it was received for said purpose by the defendant Juliette M. Jones. In the affidavits in support of the plea to the jurisdiction of the court it is stated by the affiants that Juliette M. Jones took the said deed in good faith, for a good and valuable consideration and without knowledge of liability of the premises for any liens for labor or materials. It is thus seen that both parties agree that before the claim and notice of lien was filed the premises had been deeded by Arthur H. Jones, through said Anderson, to his wife Juliette M. Jones. The plaintiff attacks this transaction ' as fraudulent and void and defendant Juliette M. Jones seeks to uphold its validity as against the claim of plaintiff. If the deed is valid, made in good faith and without intent to defraud the plaintiff, it conveyed the title to Juliette as against the claim of the plaintiff; if it is void as against the plaintiff for the reasons assigned it did not convey the title to the premises to Juliette as against the plaintiff. The question of its validity was involved and with it the question of title to real estate upon which plaintiff was seeking to enforce a lien. That was an issue and so tendered by the plaintiff, and one necessary to be determined before the plaintiff could be awarded a judgment enforcing its asserted lien against the premises unless it be that under our statutes the conveyance of title from the building owner to another after the construction of the building, but before the filing of the notice of lien in the proper clerk's office, would not be affected by such conveyance on the theory that the lien, when perfected by filing and service of the notice thereof, relates back to the time the labor is performed or materials furnished. This question must be determined by the provisions of our statutes and the force and effect given to them. Section 2863, R. L., provides the circumstances under which

a lien may be acquired for labor and materials furnished, or either, to be used in the building, and which have been used therein. Section 2864, R. L., provides as follows:

"The lien provided in section 2863 shall not attach unless a notice thereof shall be filed in writing in the office of the clerk of the circuit court, where the property is situated, and a copy of the notice be served upon the owner of the property. Such notice shall set forth the amount of the claim, the labor or material furnished, a description of the property sufficient to identify the same, and any other matter necessary to a clear understanding of the same. The lien shall continue for forty-five days, and no longer, after the completion of the construction or repair of the building, structure, railroad or other undertaking against which it shall have been filed, unless the same shall have been satisfied, or proceedings commenced to collect the amount due thereon by enforcing the same."

Unlike nearly all mechanics' lien statutes our statutes do not provide that the lien shall commence with the beginning of the labor or the furnishing of materials, but do provide that it shall not attach unless the notice of lien is filed as required by the statute and a copy served upon the owner of the property. In *Lucas* v. *Redward*, 9 Haw. 23, this court, at page 25, said: "It seems clear to us that under our statute the lien does not attach, i. e., does not exist unless the notice is filed. The lien shall have force only from the date of filing; it is called into existence by the filing of the notice; before this it had no force or effect and was not binding upon any one." In *Kenny* v. *Gage*, 33 Vt. 302, the court, at page 306, said: "The statute provides that the lien shall attach from the time of filing the claim in the town clerk's office. This of course precludes the idea of its having effect by relation to disturb any rights, either legal or equitable, that may have been created prior to that time. Up to the time of the filing of such claim the property sought to be subjected to such lien may be dealt with in all respects as fully

and freely as if it was not liable to be thus subjected."
Phillips on Mechanics' Liens (2 ed.) at section 222, says:
"The mechanics' lien is occasionally made to date from
the time the notice is filed.   *   *   *   If, before the lien
be thus fixed, a third person obtains a valid title to the
property by some legal mode of conveyance and the
mechanic has constructive notice thereof by registration
of the conveyance or actual notice, the lien is defeated."
See also *Quimby* v. *Sloan,* 2 E. D. Smith 594; *Sisson* v.
*Holcomb,* 58 Mich. 634; *Noyes* v. *Burton,* 29 Barb. 631;
*Cotton* v. *Holden,* 1 MacArthur 463; *Bond Lumber Co.* v.
*Masland,* 34 So. (Fla.) 254; *Tucker* v. *Ormes,* 1 MacAr-
thur 652; *Martin* v. *Clark,* 46 So. (Ala.) 232; *Sinclair* v.
*Fitch,* 3 E. D. Smith 677.

We feel constrained to follow the rule announced in
*Lucas* v. *Redward, supra,* and hold that the lien has no
existence until notice thereof is filed in the proper clerk's
office.   It follows that if the title claimed by Mrs. Jones
is valid as against the plaintiff the plaintiff has no lien
against the premises, hence she was a proper party to the
action and to bind her it was necessary to make her a
party defendant.   It is held in *Gross* v. *Daly,* 5 Daly 540,
that where the owner fraudulently conveys the premises
after the labor or materials are furnished, but before the
lien is filed the fraudulent transferee may be made a party
and the validity of his title adjudicated.   In this juris-
diction it is held that a transfer to defraud a creditor is
void as to the creditor and the *bona fides* of the transfer
may be adjudicated in an action at law (*Dee* v. *Foster,*
21 Haw. 1; *Lewers & Cooke* v. *Jones,* 23 Haw. 21), but to
do so it is clearly necessary to have the alleged fraudulent
transferee before the court in order to bind him.   We are
unable to segregate the question of ownership from that
of title.   We are clearly of the opinion that title to real
estate was in question for which reason the district court

was without jurisdiction. See *Harrison* v. *McCandless,* 22 Haw. 129, and authorities therein cited.

It is urged, however, that if the title to real estate is involved the plea to the jurisdiction should have been sustained only as to Mrs. Jones and that the court had jurisdiction as to the contractor and should have tried the case as between the plaintiff and such contractor. In section 2297, R. L., we find the proviso as to district courts "that such courts shall not have cognizance of real actions, nor actions in which the title to real estate shall come in question." The inhibition is to the action as a whole and not to certain features of it or certain parties thereto. The district court has jurisdiction of the action as a whole and as to all of the parties or it has no jurisdiction of it at all. The amended complaint, the plea to the jurisdiction and the affidavits in support of the plea show conclusively that the title to real estate is in question and the district magistrate correctly sustained the plea and dismissed the action.

Judgment affirmed.

*E. C. Peters* for plaintiff.

*R. B. Anderson* (*Frear, Prosser, Anderson & Marx* on the brief) for defendants, Arthur H. and Juliette M. Jones.

DISSENTING OPINION OF ROBERTSON, C.J.

I respectfully dissent. Section 2297 of the Revised Laws provides that the district courts shall not have jurisdiction of "real actions, nor actions in which the title to real estate shall come in question." The question raised by the pleadings was whether or not the conveyance made by Jones to his wife through an intermediary was a fraud upon the rights of the plaintiff, and it would have required the magistrate to decide whether the plaintiff's right to assert a lien had been defeated. The decision of that ques-

Robertson, C.J., dissenting.

tion would not involve the consideration of a disputed title to land. It must be conceded that prior to October 8, 1914, Mr. Jones was the owner of the land, and that from and after that date Mrs. Jones was the owner. It is well settled that a conveyance though void as to creditors is binding between the parties to the conveyance and their privies, and valid as to all third parties whose rights were not prejudiced by the transfer. If the conveyance to Mrs. Jones was good as against the plaintiff the right to a lien was cut off and no relief could be had against the property. If the conveyance was void as to the plaintiff the property would be regarded for the purposes of this case as still belonging to Mr. Jones, and if the lien should be established it would be satisfied by the levy of execution upon the property as though no conveyance of it had been made. *Dee* v. *Foster, supra.* The conveyance would not be disputed, it would simply be ignored. To decide whether certain land is subject to a mechanic's lien is not to pass upon a disputed title to the land. *Wheatly* v. *Blalock,* 9 S. E. (Ga.) 168; *Bailey* v. *Winn,* 101 Mo. 649, 658. From the standpoint of Mrs. Jones the question was not whether the title to the land had passed to her, but whether or not it passed subject to a lien in favor of the plaintiff. In my opinion the demurrer to the plea to the jurisdiction ought to have been sustained.

The question whether there was a misjoinder of parties defendant is not presented by the appeal, and I prefer not to express an opinion as to whether the joinder of Mrs. Jones, between whom and the plaintiff or Turin, the contractor, there was no contractual relation, was consonant with the theory of our mechanics' lien statute or the practice in the courts of this Territory.