HENRY SMITH, RECEIVER, ET AL., *v.* CHOY YIN AND WONG KWAI TONG.

No. 1857.

ARGUED FEBRUARY 7, 1929.　　　　DECIDED MARCH 27, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a suit in equity to cancel a deed conveying certain real estate situate in the Palama tract of the city of Honolulu on the ground of fraud. The circuit judge entered a decree granting the relief prayed for and the respondents have brought the case here by appeal.

In 1921 Mrs. Irene Choy Yin obtained a divorce from her husband, Choy Yin, one of the respondents herein, and the decree ordered the libelee to pay alimony in the sum of one hundred dollars per month, which was eventually reduced to fifty dollars per month. He failed to keep

up his payments and finally his total arrearage amounted to $3,401. On the 8th day of March, 1928, the libelee conveyed all the land in which he had any interest, consisting of certain parcels in the Palama tract, to Wong Kwai Tong, his co-respondent in the instant suit. It is this deed which the circuit judge ordered canceled on the ground that it was a fraud on Irene Choy Yin, who was a judgment creditor of the grantor to the extent of the unpaid alimony. The recited consideration in the deed is ten dollars but the evidence shows, without conflict, that the real consideration was the assumption by the grantee of certain mortgages which Choy Yin, the grantor, had given on the property described in the deed and the grantee's agreement to pay certain other indebtedness, not included in these mortgages, which Choy Yin owed to other parties. The aggregate amount of the debts which were secured by the mortgages was approximately $8,600 and the aggregate of the debts which were not secured by the mortgages was approximately $2000, making a total of over $10,000. According to the evidence the value of the property conveyed was $10,000. It thus appears that the debts which the grantee assumed to pay were at least equal in amount to the value of the land. In his written decision the circuit judge said: "So far as the amount of the consideration is concerned the court finds it was equivalent to the fair value of the property." We think this was a correct finding.

It is also apparent from the evidence that at the time the deed was executed the grantor was insolvent but there is no evidence that the grantee was insolvent or even in embarrassed circumstances. So the case before us is that of an insolvent debtor conveying all his real estate to a solvent grantee upon the assumption by the grantee of certain items of the grantor's indebtedness (some of which were secured by mortgages on the land conveyed

and the rest not so secured), which indebtedness was equal in amount to the value of the land so conveyed. We think on its face this would not be a fraudulent conveyance. The assumption by a solvent grantee of incumbrances on the property of an insolvent grantor is a valid consideration for the conveyance of the property and is an adequate consideration unless the land is of greater value than the assumed incumbrances. A deed, therefore, based on such a consideration is not in and of itself fraudulent and should not be set aside at the suit of a creditor unless it is rendered fraudulent by some other fact.

If the only consideration for the deed in the instant case had been the assumption of the mortgages (the aggregate indebtedness secured by them being only $8,600, while the value of the property conveyed was $10,000) we would have a different question, but, as we have already observed, other indebtedness was assumed amounting to some $2000 which, added to the mortgage debts, made a total of over $10,000. This latter indebtedness was evidenced by the promissory notes of Choy Yin which were indorsed by his co-respondent herein, Wong Kwai Tong.

It is contended by the complainant that this indebtedness should not be considered in estimating the consideration for the deed because Wong Kwai Tong, being an indorser on the notes which evidenced the indebtedness, was himself liable for their payment and that in assuming them he merely assumed his own indebtedness. This contention cannot be sustained. In *Coffin* v. *Day,* 34 Fed. 687, the court in its syllabus said: "A transfer by an insolvent firm of its property to one who had indorsed the paper of the firm and of its individual members to a large amount, and who, in consideration of the transfer, agreed to pay the obligations of the firm and of its individual members to a specified amount, in-

cluding the paper on which he was indorser,—being made in good faith, and for an adequate price, is not fraudulent as to firm creditors." This case was later affirmed by the United States Supreme Court (149 U. S. 770). See also *Robertson* v. *Andrus,* 125 Kans. 730; *Kaufman* v. *Coburn,* 30 Neb. 672, and *Pollock* v. *Jones,* 11 So. 529. In this case the supreme court of Alabama said: "It is not because of any consideration moving from the surety debtor to the creditor that the transaction is upheld, for he may be bound to pay the debt at all events; but it is the release and discharge of the principal debtor from his obligation to his surety primarily to pay the debt, and his absolute discharge from liability to repay and make whole his surety when the debt is paid by his surety." The evidence shows that Wong Kwai Tong, the indorser of these notes and the grantee in the deed, has, in pursuance of his agreement with Choy Yin, paid these notes in full.

The circuit judge did not, however, set aside the conveyance from Choy Yin to Wong Kwai Tong on the ground of the invalidity or inadequacy of the consideration but on the ground that the conveyance was made by Choy Yin for the purpose of hindering, delaying or defrauding Irene Choy Yin in the collection of her judgment for alimony and that Wong Kwai Tong was a participant in the fraud. Assuming that it is sufficiently shown by the evidence that in making the conveyance to Wong Kwai Tong it was Choy Yin's intention to defraud Irene Choy Yin, his intention alone would not suffice to render the deed invalid. In order to have this effect the fraud must have been participated in by Wong Kwai Tong. In *Dee* v. *Foster,* 21 Haw. 1, 3, the court said: "In most, if not all, of the states express statutes govern conveyances made in fraud of creditors, but we have no such statute in this Territory. In England, the statute of 13th Elizabeth declared to be 'clearly and utterly void' as against the

person defrauded, or his representatives, all conveyances made with the intent to 'delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages,' etc. It has been authoritatively held that that statute was declaratory of the common law and in affirmance of its principles. * * * It is a part of the common law of this Territory." This statute (13th Elizabeth), also declares that a conveyance "upon good Consideration and bona fide lawfully conveyed or assured to any Person or Persons, or Bodies Politick or Corporate, not having at the Time of such Conveyance or Assurance to them made, any Manner of Notice or Knowledge of such Covin, Fraud or Collusion" shall not be fraudulent. The rule, from which there is no dissent that we know of, is thus announced in *Pickett* v. *Pipkin,* 64 Ala. 520, 525: "Conveyances cannot be avoided, when made upon a valuable consideration, because of the fraud of the grantor in which the grantee does not participate."

We have examined the transcript very carefully and find no evidence of sufficient probative force to convince us that Wong Kwai Tong, at the time the conveyance was made or at any time prior thereto, had knowledge of Choy Yin's indebtedness to Irene Choy Yin on account of unpaid alimony or that he had knowledge of facts that should have put him on inquiry which, if pursued, would have led to such knowledge. Wong Kwai Tong testified that while he knew that Choy Yin had had some domestic difficulties he knew nothing of the divorce proceeding and knew nothing of any court order requiring Choy Yin to pay alimony to Irene Choy Yin and that he knew nothing of Choy Yin's indebtedness to Irene Choy Yin on account of alimony. The aspects of the evidence most favorable to the complainant go no further than to show that Choy Yin and Wong Kwai Tong had been friends for many years and on one occasion when Choy Yin was

before the court of domestic relations in regard to his failure to pay alimony Wong Kwai Tong was in the corridor of the courthouse (but there was no evidence to show that he knew Choy Yin was even in the neighborhood of the courthouse, much less that he was under examination before the court); that they belonged to the same Chinese society and that Wong Kwai Tong had indorsed notes for Choy Yin to enable him to borrow money; that he knew that Choy Yin was in "hard sledding" to get money with which to pay his alimony and that Choy Yin's troubles and his being behind in his alimony were generally talked about among his friends. This evidence is not only insufficient to show that Wong Kwai Tong had knowledge of Choy Yin's indebtedness to Irene Choy Yin but it is also insufficient to put him on inquiry concerning such indebtedness. Without this knowledge Wong Kwai Tong could not have been a participant in Choy Yin's fraud.

The decree appealed from is reversed and the bill of complaint is dismissed.

*A. Withington* (*Robertson & Castle* on the brief) for the petitioner and the intervenor.

*I. M. Stainback* and *F. Schnack* (*Huber, Kemp & Stainback* and *Schnack & Tracy* on the briefs) for respondents.