MARGARET VIERRA, *v.* GEORGE F. CAMPBELL
AND JAMES F. MOODY.

NO. 2862.

ARGUED JULY 3, 1952.     DECIDED APRIL 15, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

This is an action at law to recover damages for injuries to plaintiff's person and damages to property by reason of an automobile accident which occurred on June 16, 1947.

Allegations in the complaint are that the vehicle which struck plaintiff was owned by George F. Campbell and was being driven by either defendant James F. Moody or by defendant George F. Campbell in a negligent and careless manner; the plaintiff further alleges that she is

in some doubt as to from which defendant she is entitled to redress, and the defendants were joined so that the question as to which of the defendants was liable could be determined by the court.

Defendants separately filed identical demurrers upon the grounds that (1) there was a misjoinder of parties defendant and that there was no allegation in the complaint upon which joint liability could be predicated and (2) that the complaint was uncertain, ambiguous and inconsistent on its face and that it failed to state a cause of action against either defendant. Further, there was raised the bar of the statute of limitations which has not been ruled upon in view of the interlocutory appeal upon the ruling on the demurrers.

The sole question presented by the demurrer is whether defendants not jointly liable may be joined in a tort action with a prayer for alternative relief against one or the other defendant.

"Joinder of persons as parties defendant in tort actions is generally restricted to those who are jointly liable to the plaintiff, and when the latter is in doubt as to who might be liable for the damage sustained, he often must sue first one and then another. As a general rule under common-law practice, and except as modified by statute, the only way in which he can get the whole matter settled in one suit is to allege, if he can, that parties are jointly liable, leaving it to the court or jury to exonerate the one who is shown by the proof not to be responsible. It has been generally, although not invariably, held that persons one or the other of whom it is sought to hold liable cannot, in the absence of statutes changing the practice, be joined as defendants in an action at law unless it is possible to allege, properly, that they are jointly liable." (39 Am. Jur., Parties, § 41, p. 913.) See also 67

C. J. S., Parties, § 34, and cases cited.

Texas apparently permits such joinder without a statute but Texas is a civil-law and not a common-law State.

A plaintiff thus, where there is no statute or code provided, is compelled to file separate suits or elect which party to sue, and though he may have a perfectly good cause of action against someone he may elect the wrong defendant, or *even where filing separate suits he may lose out entirely because different juries in separate suits may take opposite views of the proof developed.* He is thus placed between Scylla and Charybdis.

To avoid this dilemma the English rules interpreting their practice provisions have permitted joinder of defendants in the alternative and a number of American States have permitted this by statutory provision. Among the several States so providing for alternative joinder of defendants are: Rhode Island, with a statute enacted in 1876 copying the English act; Connecticut in 1922; New York under its Civil Practice Act in 1920; New Jersey in 1912; Wisconsin provided for a joinder of defendants in the alternative in 1915; California in 1927; North Carolina in 1931; Washington in 1927 by rules of court in the exercise of its special power to make rules in procedural matters; Illinois in 1933. Doubtless there are other States with statutes or rules of more recent date.

Hawaii has no statute permitting the joinder of defendants not jointly liable though one or the other of them may be liable. Chapter 204, Revised Laws of Hawaii 1945, relates to joinder of parties and causes of action with no provision relative to joining parties defendant who are not jointly liable. Further, section 1 of the Revised Laws of Hawaii 1945 provides that: "The common law of England, as ascertained by English and American decisions, is declared to be the common law of the Terri-

tory of Hawaii * * *." Under this provision the principles and applications may be ascertained by reference to recent decisions of American as well as English cases (*Dole* v. *Gear*, 14 Haw. 554) and, when ascertained, they control. (*Ah Leong* v. *Ah Leong*, 29 Haw. 770, 799.)

This court has held that the common law consists of fundamental principles and not set rules, and courts in the face of changing conditions are not chained to ancient formulae but may enforce conditions deemed to have been wrought in the common law itself by force of changing conditions, and that in adopting the common law we have adopted its fundamental principles and modes of reasoning and the substance of its rules as illustrated by the reasons on which they are based rather than the mere words in which they are expressed. (*Territory* v. *Alford*, 39 Haw. 460, 466, quoting from *Morgan* v. *King*, 30 Barb. 9; *Dole* v. *Gear*, 14 Haw. 554.)

This court has also approved, in *Macaulay* v. *Schurmann*, 22 Haw. 140, 144, 145, the statement contained in *Cowhick* v. *Shingle*, 5 Wyo. 87, 95, that "As a rule the term 'common law' means both the common law of England as opposed to statute or written law, and the statutes passed before the emigration of the first settlers of America."

Thus, the statute of 13th Elizabeth relating to conveyances made in fraud of creditors is part of the common law of this Territory. (*Dee* v. *Foster*, 21 Haw. 1.)

On the other hand, "The statutes of George IV. (1827) and of Victoria (1848 & 1849) were enacted too recently to be regarded, in any possible meaning of that term as used in R. L., § 1, as a part of the common law of England." (*In re Frank B. Craig*, 20 Haw. 447, 450.) "The English act of 1856 is, of course, too recent to be regarded as a part of the common law. *In re Frank B. Craig*, 20

Haw. 447, 450." (*Macaulay* v. *Schurmann*, 22 Haw. 140, 144.)

So, the English Judicature Acts 35 and 36 Victoria of 1873, permitting the joinder in tort actions of alternative defendants is too recent to be regarded as part of the common law of Hawaii.

In the United States "The only escape from this strict rule [non joinder of defendants in the alternative] has been to allege fictitiously that the parties are jointly liable. Under such pleading the whole matter will be settled in one suit, leaving it to the jury to exonerate the one shown, in view of the proof of all parties, not to be responsible; while if the plaintiff should plead more truthfully that one or the other of the defendants had caused the injury, he would be relegated to separate suits as to their liability. Though this method of pleading has been severely criticized as an 'artless subterfuge,' it has been allowed by the more liberal courts; they realize the injustice of requiring the plaintiff, merely from his own evidence, to determine which party should be held responsible." (Dale E. Bennett in 32 Michigan Law Rev. 37.)

The function and aim of the common-law pleadings were to narrow a controversy between individuals to a single issue if possible and thereby simplify the tasks of decision. (41 A. L. R. 1223.) In a more restricted sense, it is to notify the opposite party of the facts which the pleader expects to prove so that he may not be misled in the preparation of his case. These allegations must be with such certainty as will enable the adverse party to prepare his evidence to meet the alleged facts. Modern law tends to depart from the original severe and technical rules, and rules are more for the attainment of substantial justice and to obviate as far as possible technicalities. In this regard the purposes of pleadings are

rather to give notice to defendant of the claim he is expected to meet rather than reduce a case to a single issue.

In view of section 1, Revised Laws of Hawaii 1945, making the common law as ascertained by English and American decisions the common law of Hawaii, and the omission from the Hawaiian statutes relating to pleadings and practice of a provision permitting the joinder of parties in the alternative where in doubt, we do not feel justified in refusing to follow the general rule under the common law. Therefore, the demurrer of defendants should have been sustained.

There can be little question but that provision should be made for liberalizing our pleadings with reference to joinder of plaintiffs, joinder of defendants, and joinder in the alternative when in doubt. There is no longer any force to the contention that a pleading must be limited so as to narrow the case to a single issue. Our procedure and practice in regard to parties should more nearly approach that already permissible in equity practice with the consequential avoidance of delay, expense and denial of justice on mere technicalities of pleadings or procedure. Fortunately, we now have in preparation rules that we believe will adequately cover the situation.

*W. L. Fleming* (also on the briefs) for appellant Campbell.

*R. G. Hogan* (also on the briefs) for appellant Moody.

*A. K. Trask* (also on the brief) for appellee.